983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael V. STUHFF, Plaintiff/Appellee,
v.
LOS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,
Defendants/Appellants.
 No. 91-16302.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 18, 1992.
Decided Jan. 13, 1993.
 
 Before SCHROEDER, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Stuhff brought a § 1983 action against the Los Vegas Police Department and Officers Tom Maurine and Clinton Northrop on the basis of what Stuhff maintains was an unlawful arrest. The district court denied the defendants' motion for summary judgment on the basis of qualified immunity.
 
 
 3
 Qualified immunity is appropriate if "a reasonable officer could have believed [Stuhff's arrest] to be lawful, in light of clearly established law and the information the [arresting] officers possessed." Anderson v. Creighton, 483 U.S. 635, 641 (1987). This determination contains two elements. Was the law clearly established at the time of the incident? If so, in light of the clearly established law, could a reasonable officer have considered the arrest lawful?
 
 
 4
 Stuhff had a clearly established right not to be arrested without probable cause. See, e.g., Kennedy v. Los Angeles Police Dept., 901 F.2d 702, 706 (9th Cir.1989); Kraus v. County of Pierce, 793 F.2d 1105, 1109 (9th Cir.1986).
 
 
 5
 Addressing the second element, we agree with the district court that it is not possible to conclude as a matter of law that officers Northrop and Maurine could reasonably have believed that they had probable cause to arrest Stuhff for prowling and obstructing justice. While the district court erroneously analyzed the reasonableness of the defendants' actions under a subjective test, rather than an objective one,[1] it nonetheless reached the right conclusion. Because the evidence raises a genuine dispute with respect to the material historical facts, defendants are not entitled to summary judgment on the basis of qualified immunity.
 
 
 6
 The most important fact in dispute is the question of what the police officers demanded of Stuhff. While Nevada law arguably authorizes a police officer to arrest an individual who fails to verbally identify himself, it does not authorize a police officer to arrest an individual who fails to provide a credible form of identification. Nev.Rev.Stat. § 171.123. Indeed, Nevada law cannot authorize such an arrest, for the Supreme Court has struck down statutes that authorize arrest for failure to provide "credible and reliable" identification. Kolender v. Lawson, 461 U.S. 352 (1983). Reading the Nevada statute in light of Kolender compels the conclusion that the Nevada statute authorizes police officers to demand that an individual state his name, but does not authorize them to demand credible and reliable identification. If the police officers exceeded their statutory authority and demanded the type of identification which Kolender said they could not demand, they would have been acting illegally. If instead they simply asked Stuhff to tell them his name, they would have been acting legally.
 
 
 7
 Also in dispute is the question of where Stuhff was walking, which is relevant to whether the officers had probable cause to suspect him of prowling. The charge for which Stuhff was arrested requires a finding that the suspect was "loitering, prowling, or wandering upon the private property of another." Nev.Rev.Stat. § 207.030(i). If Stuhff was on a public thoroughfare minding his own business, as he says he was, the officers could not claim they had the reasonable suspicion of criminal activity required to make a Terry stop, let alone probable cause to make an arrest.
 
 
 8
 Whether the officers acted reasonably in light of clearly established law turns on disputes over material historical facts. Resolving these factual disputes requires the type of credibility determination best left to trial.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court relied on the subjective standard of Wood v. Strickland, 420 U.S. 308 (1975), a standard the Supreme Court rejected in Harlow v. Fitzgerald, 457 U.S. 800, 815-19 (1982)